| | |
|---|---|
| 1 | Kathleen L. Wieneke, Bar #011139 |
|   | Laura Van Buren, Bar #031669 |
| 2 | WIENEKE LAW GROUP, PLC |
|   | 1225 West Washington Street, Suite 313 |
| 3 | Tempe, Arizona 85281 |
|   | Telephone: (602) 715-1868 |
| 4 | Facsimile: (602) 455-1109 |
|   | Email: kwieneke@wienekelawgroup.com |
| 5 | Email: lvanburen@wienekelawgroup.com |

*Attorneys for Defendant Isabel Paz*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Audia Garcia, surviving mother of Alan Fernando Garcia, a minor, deceased, on behalf of herself and Fernando Garcia; Eleana Garcia, as Personal Representative (pending) of the Estate of Alan F. Garcia, deceased, | NO: 2:21-cv-01850-ROS-DMF |
| | **DEFENDANT ISABEL PAZ'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| Plaintiff, | |
| v. | |
| State of Arizona, a body politic; Jeff Hood, Director, Arizona Department of Juvenile Corrections, individually, and in his official capacity; Walt Pesterfield, Administrator, Adobe Mountain School, individually and in his official capacity; Isabel A. Paz and John Doe Paz, individually and as wife and husband, Isabel A. Paz, in her capacity as Juvenile Corrections Officer; Monica Medina, Juvenile Corrections Parole Officer, individually and in her official capacity; A Dream Called Hope, LLC, an Arizona limited liability company; Phillip Parks, Care Manager, A Dream Called Hope, LLC, individually and in his official capacity; Tammy R. Horne, CEO, A Dream Called Hope, LLC, individually and in her official capacity; JOHN DOES I-X and JANE DOES I-X, individually and/or as spouse and spouse; ABC Corporations I-X; XYZ Limited Partnerships I-X, | |
| Defendants. | |

Defendant Isabel Paz ("Defendant") hereby files this Answer to Plaintiffs' Complaint (doc. 1-3). Defendant admits, denies, and alleges to the corresponding numbers in Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION and VENUE

1. In answering Paragraph 1 of Plaintiffs' Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

2. In answering Paragraph 2 of Plaintiffs' Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

3. In answering Paragraph 3 of Plaintiffs' Complaint, Defendant admits only that the State of Arizona is a governmental entity.

4. Paragraph 4 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

5. Paragraph 5 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

6. Paragraph 6 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

7. In answering Paragraph 7 of Plaintiffs' Complaint, Defendant admits the allegations contained herein.

8. Paragraph 8 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

9. Paragraph 9 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

10. Paragraph 10 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

11. Paragraph 11 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

12. Paragraph 12 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

13. Paragraph 13 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

14. Paragraph 14 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

15. Paragraph 15 of Plaintiffs' Complaint does not contain allegations that require a response from Defendant.

16. In answering Paragraph 16 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations contained herein, and therefore denies the same.

17. In answering Paragraph 17 of Plaintiffs' Complaint, Defendant denies that any acts allegedly committed by her were the actual or proximate cause of any alleged injury to Decedent or Plaintiffs.

18. Paragraph 18 of Plaintiffs' Complaint is no longer relevant in light of the removal of this action to federal court. Additionally, where an action asserts a federal question under 28 U.S.C. § 1331, it is not subject to a jurisdictional minimum.

19. In answering Paragraph 19 of Plaintiffs' Complaint, Defendant admits that the Court has subject-matter jurisdiction over all well-pled federal claims under 28 U.S.C. § 1331, and may elect to exercise supplemental jurisdiction over related state law claims subject to the provisions of 28 U.S.C. § 1367. As defects in subject-matter jurisdiction cannot be waived, *see* Fed. R. Civ. P. 12(h)(1), Defendant reserves the right to raise lack of subject-matter jurisdiction in a subsequent motion if developments in these proceedings deprive the Court of subject-matter jurisdiction.

20. Paragraph 20 of Plaintiffs' Complaint is no longer relevant in light of the removal of this action to federal court.

21. In answering Paragraph 21 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to whether a Notice of Claim that fully complies

with A.R.S. § 12-821.01(A) was properly served. Defendant reserves the right to raise as an affirmative defense non-compliance with Arizona's Notice of Claim statute in the event subsequent information indicates the Notice of Claim was deficient as a matter of law.

## ALLEGATIONS COMMON TO ALL COUNTS

22. In answering Paragraph 22 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

23. In answering Paragraph 23 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same. Defendant reserves the right to challenge Audia Garcia's standing to maintain this action as a matter of law.

24. In answering Paragraph 24 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same. Defendant reserves the right to challenge Eleana Garcia's standing to maintain this action as a matter of law.

25. In answering Paragraph 25 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

26. In answering Paragraph 26 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

27. In answering Paragraph 27 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

28. In answering Paragraph 28 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

29. In answering Paragraph 29 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

30. In answering Paragraph 30 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

31. In answering Paragraph 31 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

32. In answering Paragraph 32 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

33. In answering Paragraph 33 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

34. In answering Paragraph 34 of Plaintiffs' Complaint, Defendant is without sufficient information to form a belief as to the allegations concerning Plaintiffs' decedent's beliefs, and therefore denies the same.

35. In answering Paragraph 35 of Plaintiffs' Complaint, Defendant is without sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

36. In answering Paragraph 36 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

37. In answering Paragraph 37 of Plaintiffs' Complaint, Defendant admits only that a text message containing the quoted words was listed as Exhibit 10 in Plaintiffs' Notice of Claim.

38. In answering Paragraph 38 of Plaintiffs' Complaint, Defendant admits only that a text message containing the quoted words was listed as Exhibit 10 in Plaintiffs' Notice of Claim.

39. In answering Paragraph 39 of Plaintiffs' Complaint, Defendant admits only that a text message containing the quoted words was listed as Exhibit 10 in Plaintiffs' Notice of Claim.

40. In answering Paragraph 40 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

41. In answering Paragraph 41 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

42. In answering Paragraph 42 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

43. In answering Paragraph 43 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

44. In answering Paragraph 44 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

45. In answering Paragraph 45 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

46. In answering Paragraph 46 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

47. In answering Paragraph 47 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

48. In answering Paragraph 48 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

49. In answering Paragraph 49 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

50. In answering Paragraph 50 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

51. In answering Paragraph 51 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

52. In answering Paragraph 52 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

53. In answering Paragraph 53 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

54. In answering Paragraph 54 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

55. In answering Paragraph 55 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

56. In answering Paragraph 56 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

57. In answering Paragraph 57 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

58. In answering Paragraph 58 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

59. In answering Paragraph 59 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

60. To the extent the allegations contained in Paragraph 60 pertain to her, Defendant denies the allegations contained herein.

61. To the extent the allegations contained in Paragraph 61 pertain to her, Defendant denies the allegations contained herein.

62. In answering Paragraph 62 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

63. In answering Paragraph 63 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

64. In answering Paragraph 64 of Plaintiffs' Complaint, Defendant is without information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

65. To the extent the allegations contained in Paragraph 65 pertain to her, Defendant denies the allegations contained herein.

66. Paragraph 66 of Plaintiff's Complaint does not state an allegation against Defendant that requires a response.

# COUNT I – NEGLIGENCE

67. In answering Paragraph 67 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

68. Paragraph 68 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

69. In answering Paragraph 69 of Plaintiffs' Complaint, Defendant denies the allegations contained herein to the extent they pertain to her.

70. In answering Paragraph 70 of Plaintiffs' Complaint, Defendant denies the allegations contained herein to the extent they pertain to her.

71. In answering Paragraph 71 of Plaintiffs' Complaint, Defendant denies the allegations contained herein to the extent they pertain to her.

72. To the extent the allegations in Paragraph 72 apply to Defendant, Defendant denies the allegations contained herein.

73. In answering Paragraph 73 of Plaintiffs' Complaint, Defendant denies the allegations contained herein to the extent they pertain to her.

74. Paragraph 74 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

75. Paragraph 75 of Plaintiff's Complaint does not state an allegation against Defendant that requires a response.

76. Paragraph 76 of Plaintiff's Complaint does not state an allegation against Defendant that requires a response.

77. Paragraph 77 of Plaintiff's Complaint does not state an allegation against Defendant that requires a response.

78. Paragraph 78 of Plaintiff's Complaint does not state an allegation against Defendant that requires a response.

79. In answering Paragraph 79 of Plaintiffs' Complaint, Defendant responds to each subpart of this paragraph:

   a. Defendant denies the allegations contained herein.

1            b.      Defendant denies the allegations contained herein.

2            c.      Defendant denies the allegations contained herein.

3            d.      Defendant denies the allegations contained herein.

4            e.      Defendant denies the allegations contained herein.

5            f.      Defendant denies the allegations contained herein.

6            g.      This subpart does not contain an allegation against Defendant that requires a response. To the extent the paragraph states an allegation against Defendant, Defendant denies the same.

80. In answering Paragraph 80 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

81. In answering Paragraph 81 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

82. In answering Paragraph 82 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

83. In answering Paragraph 83 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

## COUNT II – NEGLIGENCE PER SE, A.R.S. § 13-1419

84. In answering Paragraph 84 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

85. Paragraph 85 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

86. Paragraph 86 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

87. Paragraph 87 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

88. In answering Paragraph 88 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

89. Paragraph 89 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

90. Paragraph 90 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

91. In answering Paragraph 91 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

92. Paragraph 92 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

93. To the extent Paragraph 93 of Plaintiffs' Complaint contains allegations pertaining to her, Defendant denies the allegations contained herein.

94. In answering Paragraph 94 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

95. In answering Paragraph 95 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

96. In answering Paragraph 96 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983

97. In answering Paragraph 97 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

98. Paragraph 98 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

99. Paragraph 99 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

100. Paragraph 100 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

101. In answering Paragraph 101 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

102. To the extent Paragraph 102 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein.

103. Paragraph 103 of Plaintiffs' Complaint is a statement of law and does not contain an allegation against Defendant that requires a response.

104. In answering Paragraph 104 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

105. In answering Paragraph 105 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

106. In answering Paragraph 106 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

107. In answering Paragraph 107 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

## COUNT IV – 42 U.S.C. § 1983 and MONELL CLAIM

108. In answering Paragraph 108 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

109. To the extent Paragraph 109 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

110. To the extent Paragraph 110 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

111. To the extent Paragraph 111 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

112. To the extent Paragraph 112 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

113. To the extent Paragraph 113 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

114. To the extent Paragraph 114 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

115. To the extent Paragraph 115 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

116. To the extent Paragraph 116 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

117. To the extent Paragraph 117 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) may not be maintained against her as a matter of law.

## COUNT V[1] – NEGLIGENCE PER SE, A.R.S. § 36-1201

118. In answering Paragraph 118 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

119. Paragraph 119 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

120. Paragraph 120 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

121. Paragraph 121 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

122. Paragraph 122 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

123. Paragraph 123 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

124. Paragraph 124 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

125. Paragraph 125 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

126. Paragraph 126 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

## COUNT VI – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

127. In answering Paragraph 127 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

128. Paragraph 128 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

---

[1] The Complaint incorrectly numbers this count as Count IV, and all subsequent counts are off by one Roman Numeral. The Answer refers to them in their correct numerical order.

129. Paragraph 129 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

130. To the extent Paragraph 130 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein. Defendant affirmatively alleges that a claim for negligent hiring, training, or supervision cannot be maintained against a non-supervisory employee. *Kassman v. Busfield Enters.*, 131 Ariz. 163, 166 (Ariz. Ct. App. 1981).

131. To the extent Paragraph 131 of Plaintiffs' Complaint contains to her, Defendant denies the allegations contained herein.

132. Paragraph 132 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

133. Paragraph 133 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

134. Paragraph 134 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

135. Paragraph 135 of Plaintiffs' Complaint does not state an allegation against Defendant that requires a response.

136. In answering Paragraph 136 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

137. In answering Paragraph 137 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

138. In answering Paragraph 138 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

**COUNT VII – LOSS OF CONSORTIUM**

139. In answering Paragraph 139 of Plaintiffs' Complaint, Defendant incorporates her responses to the preceding paragraphs.

140. In answering Paragraph 140 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

141. In answering Paragraph 141 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring a claim on behalf of the decedent under 42 U.S.C. §1983 because they have not been appointed the Personal Representative of the Estate.

3. To the extent any of Plaintiffs' allegations state a claim for wrongful death, only one statutory plaintiff may bring a wrongful death claim.

4. To the extent any Plaintiffs' allegations state a claim for wrongful death, decedent's Estate is not a proper party.

5. Fictitious defendants are not permitted in federal court and should be dismissed.

6. Discovery may reveal that Plaintiffs failed to comply with service and substantive requirements of A.R.S. § 12-821.01, the Notice of Claim statute.

7. Plaintiffs improperly allege a claim against Defendant under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

8. Plaintiffs improperly allege a negligent hiring, training, and supervision claim against Defendant, a non-supervisory employee.

9. Defendant was not the actual or proximate cause of any of Plaintiffs' injuries.

10. The failure by others to take reasonable steps to prevent the death of Decedent are intervening causes of liability, and therefore Defendant is not liable.

11. The failure by others to take reasonable steps to prevent the death of Decedent are superseding causes of liability, and therefore Defendant is not liable.

12. Defendant is entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as

described in *Hunter v. Bryant*, 502 U.S. 224 (1991) and *Saucier v. Katz*, 533 U.S. 194 (2001).

13.     Defendant is entitled to all privileges and immunities afforded to governmental employees under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et seq.*

14.     The decedent was solely or comparatively at fault for the injuries and damages alleged in the Complaint, thereby barring or reducing any recover herein by way of comparative negligence.

15.     Plaintiffs may have failed to mitigate their damages, thus barring or reducing the recovery against Defendant.

16.     To the extent that Plaintiffs assert any punitive damages, such damages are barred by A.R.S. § 12-820.04.

17.     Defendant puts Plaintiffs on notice that affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Fed. R. Civ. P. 8(d) and/or Fed. R. Civ. P. 12(b), or as otherwise allowed by law.

**

Having fully answered Plaintiffs' Complaint, Defendant prays that the same be dismissed, that Plaintiffs take nothing, for Defendant's cost incurred, and for such other relief as this Court deems just and equitable. Defendant requests a jury trial.

DATED this 18th day of January 2022.

WIENEKE LAW GROUP, PLC

By:   */s/ Kathleen L. Wieneke*
      Kathleen L. Wieneke
      Laura Van Buren
      1225 West Washington Street, Suite 313
      Tempe, Arizona 85281
      *Attorneys for Defendant Isabel Paz*

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Neil Singh, 021327
Patrick J. Boyle, 031674
Assistant Attorneys General
2005 N. Central Ave
Phoenix, Arizona 85004-1592
*Attorneys for Defendants Hood, Medina, Pesterfield, and State of Arizona*

Douglas R. Zanes, Esq.
Jeffrey H. Sadler, Esq.
Doug Zanes & Associates, PLLC.
4580 E. Grant Road
Tucson, AZ 85712
*Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By: */s/ Mica Mahler*