Mark Brnovich
Attorney General

Neil Singh, 021327
Patrick J. Boyle, 031674
Assistant Attorneys General
2005 N. Central Ave
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7605
Facsimile: (602) 542-7670
Neil.Singh@azag.gov
Patrick.Boyle@azag.gov

*Attorneys for Defendants Hood, Medina, and Pesterfield*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Audia Garcia, et al, | |
|---|---|
| Plaintiffs, | No: CV-21-1850-PHX-ROS-DMF |
| v. | **DEFENDANTS HOOD, MEDINA, AND PESTERFIELD'S ANSWER TO FIRST AMENDED COMPLAINT** |
| State of Arizona, et al. | |
| Defendants. | **(Jury Trial Demanded)** |

Defendants Hood, Medina, and Pesterfield ("Defendants") in answer to Plaintiff's First Amended Complaint ("FAC") admit, deny and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Answering ¶¶ 1 and 2, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

2. Answering ¶ 3, Defendants are not the subject of this assertion but admit that the State of Arizona is a body politic located in the southwestern United States.

3. Answering ¶ 4, Defendants deny that Director Hood is Director of the ADJC. Defendants admit that Plaintiffs sue him in his official capacity and that Hood was acting within the course and scope of his employment.

4. Defendants admit ¶¶ 5, 6, the second ¶ 7 of two ¶ 7s, ¶¶ 8, 9, 10, 11, and 12.

5.      Answering the first ¶ 7 of two ¶ 7s, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

6.      Answering ¶ 13, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

7.      Answering ¶¶ 14 and 15, Defendants deny the allegations which contain legal conclusions.

8.      Answering ¶ 16, Defendants admit that the decedent died in Phoenix, Maricopa County, Arizona on October 11, 2020, while a resident of A Dream Called Hope, LLC, and while under conditions of release from the ADJC.  Defendants deny all remaining allegations.

9.      Answering ¶ 17, Defendants deny the allegations.

10.     Answering ¶ 18, this allegation was directed at the jurisdictional minimum for the Arizona Superior Court, not the U.S. District Court.  It is no longer applicable and Defendants therefore deny it.

11.     Answering ¶¶ 19 and 20, these allegations were directed at jurisdiction, venue, and the rules of procedure in the Arizona Superior Court and are therefore inapplicable here.  Defendants deny them.

12.     Answering ¶ 21, Defendants deny the allegations in that they fail to identify any particular person or any particular Notice of Claim.

## **ALLEGATIONS COMMON TO ALL COUNTS**

13.     Answering ¶ 22, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

14. Answering ¶¶ 23 and 24, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

15. Answering ¶ 25, Defendants admit the allegations.

16. Answering ¶ 26, Defendants deny the allegations to the extent they fail to fully and completely summarize the findings of the Maricopa County Medical Examiner's Office, but admit that one of those findings was of an anoxic brain injury due to morphine toxicity.

17. Answering ¶ 27, Defendants admit the allegations except that a contractual relationship existed with the ADJC, which is a non-jural entity.

18. Answering ¶ 28, Defendants deny the allegations.

19. Answering ¶¶ 29 and 30, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

20. Answering ¶ 31, Defendants deny the allegations of a "sexual intimate relationship" between the decedent and Paz. Defendants further deny the allegation that Paz "lured" the decedent in any respect. As to the allegation of an "illicit emotional" relationship, this term is undefined and Defendants are thus without sufficient information and/or knowledge to form a belief as to the truthfulness of that allegation.

21. Answering ¶ 32, Defendants deny the allegations.

22. Answering ¶¶ 33, 34, 35, 36, 37, 38, and 39, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

23. Answering ¶¶ 40, 41, and 42, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

24. Answering ¶ 43, Defendants deny the allegations.

25. Answering ¶¶ 44, 45, 46, and 47, Defendants are without sufficient

information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

26. Answering ¶¶ 48 and 49, Defendants deny the allegations.

27. Answering ¶ 50, the phrase "authority to recommend" is confusing and vague and Defendants therefore deny it. Defendants admit that Medina had the ability to make recommendations about juveniles she was supervising.

28. Answering ¶¶ 51 and 52, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

29. Defendants admit ¶¶ 53, 54, 55, 56, 57, and 58.

30. Answering ¶ 59, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

31. Answering ¶ 60, Plaintiffs appear to conflate institutional defendants with individual defendants in stating the allegations that "each" Defendant has policies, procedures, and practices in place. Defendants thus deny these allegations.

32. Answering ¶¶ 61, 62, 63, and 64, Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the assertions and allegations contained in this paragraph, and therefore deny same.

33. Defendants deny ¶ 65.

34. Answering ¶ 66, these allegations state a legal conclusion and Defendants therefore deny them.

**COUNT I – NEGLIGENCE**
*(All Defendants)*

35. Answering ¶ 67, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

36. Answering ¶¶ 68, 69, 70, 71, and 72, these allegations state a legal conclusion and Defendants therefore deny them.

37. Defendants deny ¶ 73.

38. Answering ¶¶ 74, 75, and 76, the allegations are not directed at these Defendants and Defendants thus deny them.

39. Defendants deny ¶¶ 77 and 78, and affirmatively assert that Plaintiffs appear to misinterpret the phrase "biweekly" as used in certain ADJC policy and procedure documents. "Biweekly" in such documents is a reference to twice per month, not twice per week. In any event, Defendants deny all allegations in which Plaintiffs assert that Medina had "twice-weekly" obligations.

40. Defendants deny ¶¶ 79 (all sub-parts), 80, 81, 82, and 83.

**COUNT II – NEGLIGENCE PER SE, A.R.S. § 13-1419**
*(Defendants State of Arizona, Arizona Department of Juvenile Corrections, Hood, Adobe Mountain School, Pesterfeld and Paz)*

41. Answering ¶ 84, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

42. Answering ¶¶ 85, 86, and 87, these allegations state legal conclusions and Defendants thus deny them.

43. Defendants deny ¶ 88.

44. Answering ¶¶ 89 and 90, these allegations state legal conclusions and Defendants thus deny them.

45. Defendants deny ¶¶ 91, 92, 93, 94, 95, and 96.

**COUNT III – VIOLATION OF 42 U.S.C. §1983**
*(Defendants Hood, Pesterfeld, Paz and Medina)*

46. Answering ¶ 97, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

47. Answering ¶¶ 98, 99, and 100, these allegations state legal conclusions and Defendants thus deny them.

48. Defendants deny ¶¶ 101 and 102.

49. Answering ¶ 103, these allegations state legal conclusions and Defendants thus deny them.

50. Defendants deny ¶ 104, 105, 106, and 107.

### COUNT IV – 42 U.S.C. §1983 and MONELL CLAIM
*(All Defendants)*

51. Answering ¶ 108, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein. Defendants affirmatively allege that *Monell* does not authorize claims against state employees.

52. Defendants deny ¶¶ 109, 110, 111, 112, 113, 114, 115, 116, and 117.

### COUNT IV (listed twice) NEGLIGENCE PER SE, A.R.S. §13-1201
*(Defendants State of Arizona, Arizona Department of Juvenile Corrections, A Dream Called Hope, LLC, Tammy Horne, Phillip Parks)*

53. Answering ¶ 118, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

54. Answering ¶¶ 119, 120, 121, 122, 123, 124, 125, and 126, these allegations are not asserted against these Defendants and Defendants therefore deny them.

### COUNT V - NEGLIGENT HIRING, TRAINING, AND SUPERVISION
*(Defendants State of Arizona, Arizona Department of Juvenile Corrections, Hood, Adobe Mountain School, Pesterfield, Paz, Medina, and A Dream Called Hope, LLC)*

55. Answering ¶ 127, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

56. Answering ¶ 128 and 129, these allegations state legal conclusions and Defendants thus deny them.

57. Answering ¶¶ 130, 131, and 132, these allegations state legal conclusions and Defendants thus deny them.

58. Defendants deny ¶¶ 133, 134, 135, 136, 137, and 138.

### COUNT VI – LOSS OF CONSORTIUM
*(All Defendants)*

59. Answering ¶ 139, Defendants reassert and reincorporate each of the preceding paragraphs as though fully set forth herein.

60. Defendants deny ¶¶ 140 and 141.

### JURY DEMAND

61. Defendants demand a jury as to all issues triable by a jury.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.

A. Defendants deny each and every allegation in Plaintiffs First Amended Complaint, not otherwise admitted herein.

B. Plaintiffs' FAC fails to state a claim upon which relief may be granted.

C. Plaintiffs lack standing to bring a claim on behalf of the decedent under 42 U.S.C. § 1983 because they have not been appointed the Personal Representative of the Estate.

D. As to Plaintiffs' state claims for wrongful death, only one statutory plaintiff may assert a wrongful death claim.

E. Defendants are entitled to all privileges and immunities, including the federal doctrine of qualified immunity, extended to governmental employees.

F. Defendants affirmatively allege that they did not cause the death of the decedent.

G. Defendants affirmatively allege that they did not breach any duty requiring them to conform to a certain standard of care.

7

H.  Defendants affirmatively allege that Plaintiffs did not suffer any actual damages as a result of any actions or conduct by Defendants.

I.  Defendants affirmatively allege absolute immunity pursuant to A.R.S. § 12-820.01, and qualified immunity pursuant to A.R.S. § 12-820.02.

J.  Defendants affirmatively allege immunity against punitive damages pursuant to A.R.S. § 12-820.04.

K.  Defendants affirmatively allege that Plaintiffs damages, if any, are the result of an intervening, superseding cause, thus relieving the answering Defendants of any actual or potential liability.

L.  Defendants affirmatively allege that Plaintiffs' damages, if any, may have been caused by parties not named in this lawsuit, who were not controlled by the answering Defendants.

**WHEREFORE**, having fully answered Plaintiffs' First Amended Complaint, Defendants request that the FAC be dismissed against them, that Plaintiffs take nothing thereby, and that Defendants be awarded the costs incurred, and such other and further relief as the Court deems proper.

Respectfully submitted this 18th day of January, 2022.

Mark Brnovich
Attorney General

Neil Singh
Patrick J. Boyle
Assistant Attorneys General
*Attorneys for Defendants Hood, Medina, and Pesterfield*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2022, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF System.

On the same date, the attached document and Notice of Electronic Filing were automatically sent to the following, who are registered participants of the CM/ECF System:

Douglas R. Zanes, Esq.
Jeffrey H. Sadler, Esq.
Doug Zanes & Associates, PLLC.
4222 E. Thomas Rd, Ste. 100
Phoenix, AZ  85018
*Attorneys for Plaintiffs*

Kathleen L. Wieneke, Esq.
Laura Van Buren, Esq.
Wieneke Law Group, PLC
1225 W. Washington St, Ste. 313
Tempe, AZ  85281
*Attorneys for Defendant Paz*

William H. Doyle
Brandon D. Millam
Doyle Hernandez Millam
1313 E. Osborn Rd, Ste. 220
Phoenix, AZ  85014
*Attorneys for Defendants A Dream Called Hope, LLC, Phillip Parks and Tammy R. Horne*

/s/M. Cruz
AGO Legal Secretary
#9929693
LMS21-0145